NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

―――――

No. 11-1040

―――――

UNITED STATES OF AMERICA

v.

NARCISO RIVERA MARTINEZ,

*Appellant*

―――――

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 2-08-cr-00814-001)
District Judge:  Honorable Susan D. Wigenton

―――――――――

Submitted Under Third Circuit L.A.R. 34.1(a)
on February 7, 2012

Before: SLOVITER and VANASKIE, *Circuit Judges*, and PADOVA,
*Senior District Judge**

(Filed: February 8, 2012)

―――――――――

OPINION OF THE COURT

―――――――――

―――――――――――

*The Honorable John R. Padova, Senior District Judge of the United States District Court
for the Eastern District of Pennsylvania, sitting by designation.

PADOVA, *Senior District Judge*.

Appellant Narciso Rivera Martinez pled guilty to two counts of an indictment charging that he knowingly and intentionally conspired and agreed with others to distribute one kilogram or more of heroin from November 2007 to December 2008. He was sentenced to 120 months' imprisonment. He subsequently filed a notice of appeal, and defense counsel moved to withdraw as appellate counsel, filing a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Although Appellant received an extension of time to file a *pro se* brief, he has failed to exercise that right. For the following reasons, we will grant defense counsel leave to withdraw and affirm the judgment of the District Court.

## I.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We exercise plenary review to determine whether there are any nonfrivolous issues on appeal. *Penson v. Ohio*, 488 U.S. 75, 80 (1988). The determination of frivolousness is informed by the standard of review for each potential claim raised. *See, e.g.*, *United States v. Schuh*, 289 F.3d 968, 974-76 (7th Cir. 2002).

## II.

As we write primarily for the parties, who are familiar with the factual context and legal history of this case, we will set forth only select background facts. An investigation by the Drug Enforcement Administration revealed Martinez to be a wholesale level customer of an Ecuadorian heroin importation organization. Wiretap evidence of multiple intercepted telephone conversations showed that Martinez took concerted steps to secure shipments of

2

heroin, prepare drugs for distribution, and ensured that drug proceeds were remitted back to the suppliers in Ecuador. At his guilty plea hearing, Martinez admitted that he conspired to distribute and possess with intent to distribute one kilogram or more of heroin, contrary to 21 U.S.C. § 841(a)(1) and 841(b)(1)(A), and in violation of 21 U.S.C. § 846, but did not stipulate to an exact amount. The Government's proffer revealed information from a confidential source that Martinez remitted approximately $316,000 in drug proceeds to the organization, and was engaged in a course of distribution activity that involved well over three kilograms of heroin.

Although Martinez participated in two proffer sessions with the Government, both those meetings were terminated based upon the collective view of the investigating agents that Martinez was not being truthful. Accordingly, the Government did not assent to eligibility for the safety valve provision of 18 U.S.C. § 3553(f) and U.S.S.G. § 5C1.2. In supplying information to the Probation Office on the offense conduct, the Government notified Appellant that it would not approve safety valve relief. Thereafter, defense counsel notified the Government that he would seek a sentencing hearing on particular Guidelines issues. The parties subsequently agreed to a resolution of the sentencing issues, resulting in the Government agreeing that Martinez should be sentenced at a Total Offense Level of 31, a Criminal History Category of I, that the statutory mandatory minimum sentence of 10 years should apply, and that it would not seek an aggravating role enhancement under the Guidelines. In exchange, Martinez would concede he was not eligible for safety valve relief.

In the Presentence Report, Probation calculated that Appellant had a Base Offense

3

Level of 34 pursuant to U.S.S.G. § 2D1.1(c)(3), because the offense involved at least 3 but less than 10 kilograms of heroin. Probation next applied a two-level enhancement pursuant to U.S.S.G. § 3B1.1 because Martinez exercised management responsibility in the drug organization. Probation also applied a three-level reduction for acceptance of responsibility, resulting in a Total Offense Level of 33. Probation calculated Appellant's Criminal History Category as I based on zero criminal history points. As a result, according to Probation, Appellant's advisory Sentencing Guidelines range was 135-168 months and noted that Martinez was subject to a 10 year mandatory minimum term, pursuant to 21 U.S.C. § 841(a)(1) and (b)(1)(A).

The sentencing judge recognized that the Guidelines range was advisory and found that Martinez was not eligible for the safety valve provision. Based upon submissions of counsel, the court granted a downward departure in accordance with the parties' agreement, sentencing Martinez as if his Total Offense Level was 31 with a Criminal History Category of I, ultimately imposing a sentence of 120 months in accordance with the mandatory minimum. Martinez was also sentenced to a term of supervised release of 4 years. Appellant timely filed this appeal.

## III.

Our role in analyzing an *Anders* brief is twofold. First, we determine whether the *Anders* brief is adequate on its face. *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001) (citation omitted). Second, we determine whether an independent review of the record

4

reveals any issues that are not frivolous. *Id.* (citation omitted). An adequate *Anders* brief "satisf[ies] the court that counsel has thoroughly examined the record in search of appealable issues," and "explain[s] why the issues are frivolous." *Id.* (citing *United States v. Marvin*, 211 F.3d 778, 780 (3d Cir. 2000)). "Counsel need not raise and reject every possible claim. However, at a minimum, he or she must meet the 'conscientious examination' standard set forth in *Anders*." *Id.* (citing *Marvin*, 211 F.3d at 780).

We find Counsel's *Anders* brief to be adequate on its face. Where, as here, an appellant has pled guilty, there are three general issues still open for appeal: (1) the District Court's jurisdiction to enter the conviction and impose sentence; (2) the validity or voluntariness of Appellant's guilty plea; and (3) the legality of Appellant's sentence. See 18 U.S.C. § 3742(a); *United States v. Broce*, 488 U.S. 563, 569 (1989). Although Counsel addressed only the third of these three issues, we conclude that it was unnecessary to address the other two issues because they are patently frivolous.[1] *See Marvin*, 211 F.3d at 781.

Counsel asserts that the only possible issue for review is whether the district court

---

[1]The District Court clearly had jurisdiction over Appellant's crimes because he was charged with a 21 U.S.C. § 846 conspiracy to violate 21 U.S.C. § 841(a)(1) and 841(b)(1)(A), which are criminal offenses against the laws of the United States. *See* 18 U.S.C. § 3231. In addition, the record shows that the District Court conducted a thorough colloquy of Appellant before accepting his plea, as required by Fed. R. Crim. P. 11(b) and *Boykin v. Alabama*, 395 U.S. 238 (1969). The Court informed Appellant of the nature of the charges against him, the rights he forfeited by pleading guilty, the maximum penalties permitted for his offenses, the advisory nature of the Sentencing Guidelines, and the factual basis for his guilty plea. *See United States v. Schweitzer*, 454 F.3d 197, 202 (3d Cir. 2006). Looking at the totality of the circumstances surrounding Appellant's plea, it is therefore plain that Appellant voluntarily and knowingly pled guilty and any claim to the contrary would be patently frivolous.

erred in not according Martinez the safety valve reduction pursuant to U.S.S.G. § 5C1.2. We agree with Counsel that this issue would be frivolous. Appellant and the Government reached an agreement whereby he gave up his request for safety valve relief, in return for which the Government did not seek an aggravating role enhancement. There is nothing in the record to indicate that Appellant's decision to forego safety valve relief was anything other than knowing and voluntary. The record also indicates that Appellant was ineligible for safety valve relief because he had not been truthful in his proffer sessions. As Appellant was sentenced in accordance with the statutory mandatory minimum, and the trial judge committed no error in calculating the advisory Guidelines sentence, we agree that there are no non-frivolous sentencing issues for appeal.

IV.

For the foregoing reasons, we conclude that Counsel has fulfilled his obligation under *Anders* and the Local Appellate Rules to provide an adequate no-merit brief, and our independent review of the record yields no non-frivolous issues for appeal. We will therefore affirm the judgment of the District Court, grant Counsel's motion to withdraw and deny Appellant's motion for appointment of new counsel.